UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ji Pagsisihan,<br><br>    Plaintiff<br><br>v.<br><br>Allstate Indemnity Company,<br><br>    Defendant | 2:16-cv-00072-JAD-VCF<br><br>**Order Granting Motion to Remand, Denying Motion to Dismiss as Moot, Remanding Case Back to Nevada State Court, and Vacating Hearing**<br><br>[ECF 4, 9] |

Ji Pagsisihan sues her insurer Allstate Indemnity Company for a handful of state-law claims, alleging that Allstate failed to adequately investigate her claim for medical and underinsured motorist coverage after a January 2014 car accident.[1]  Allstate removed the case from state court based on diversity of citizenship.[2]  Pagsisihan moves to remand, arguing that the Allstate has not demonstrated that the amount-in-controversy requirement has been met.[3]  Because Allstate has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, I grant Pagsisihan's motion and remand this case back to Nevada's Eighth Judicial District Court, case no. A-15-728656-C.[4]  I also deny Allstate's motion to dismiss[5] as moot and vacate the hearing.

**Background**

In January 2014, Pagsisihan sustained permanent bodily injuries in a car accident,[6] and

---

[1] ECF 1-1.

[2] ECF 1.

[3] ECF 9.

[4] I find this motion appropriate for resolution without oral argument.  L.R. 78-2.

[5] ECF 4.

[6] ECF 1-1 at ¶ 6.

demanded that Allstate pay her underinsured-policy limits of $50,000.[7] But despite her $40,500.03 in medical expenses, Pagsisihan alleges that Allstate responded with a settlement offer of just $6,000.[8] Pagsisihan asserts four claims: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) Nevada Trade Practicess Act violations, and (4) intentional infliction of emotional distress.[9] In her prayer for relief, Pagsisihan claims general damages in excess of $10,000; special damages in excess of $10,000; and punitive damages in excess of $10,000.[10]

In its petition for removal, Allstate invokes this court's diversity jurisdiction. Allstate argues that the amount in controversy exceeds $75,000 because Pagsisihan claims $40,500 in medical damages and has "demanded full policy limits of $50,000, general damages, special damages, attorney costs and fees, damage for emotional distress, and punitive damages."[11] Pagsisihan moves to remand, arguing that the only amount in controversy Allstate can show is $60,00.01: $50,000 in contractual damages (Pagsisihan's policy limits) and $10,000.01 for the bad faith/unfair-claims-handling claims.[12]

**Discussion**

**A.   Motion to Remand**

When a case is filed in state court between parties who are citizens of different states, and the case value exceeds $75,000, the defendant may remove the case to federal court.[13] "Federal courts are courts of limited jurisdiction,"[14] and there is a strong presumption against removal jurisdiction.

---

[7] *Id.* at ¶¶ 9–10.

[8] *Id.* at ¶ 13.

[9] *Id.* at 5–7.

[10] *Id.* at 8.

[11] ECF 1 at 2.

[12] ECF 9 at 2.

[13] 28 U.S.C. §§ 1332, 1441, 1446.

[14] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

"[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[15] The defendant always has the burden of establishing that removal is proper.[16] This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement.[17] If the value of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met.[18] Defendants may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy.[19]

**B.     Remand is required because Allstate has not shown that the amount in controversy exceeds $75,000.**

The face of the complaint does not show that Pagsisihan claims damages in excess of $75,000. Pagsisihan claims damages in excess of $30,000 for general, special, and punitive damages. Because Pagsisihan does not explicitly claim damages in excess of $75,000, Allstate must prove by a preponderance of the evidence that the jurisdictional amount has been met.[20]

Pagsisihan alleges in her complaint—and Allstate offers no evidence to dispute—that she has incurred $40,500.03 in medical expenses and that her policy limit is $50,000. Thus, Allstate has shown, at most, only $70,000 in damages: $50,000 in special damages (assuming that Pagsisihan is entitled to the full policy amount), and in excess of $20,000 for general and punitive damages. Allstate offers no evidence to show that Pagsisihan's general and punitive damages exceed $20,000.01, so I am left with the amounts alleged in the complaint. Because Allstate has not offered evidence showing that the amount in controversy more likely than not exceeds $75,000, I grant Pagsisihan's motion to remand.

---

[15] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[16] *Id.*

[17] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[18] *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[19] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[20] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted); *see also Sanchez*, 102 F.3d at 404.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's **Motion to Remand [ECF 9] is GRANTED**. This case is hereby remanded to the Eighth Judicial District Court, Clark County, Nevada, Case number A-15-728656-C.

IT IS FURTHER ORDERED that defendant's **Motion to Dismiss [ECF 4] is DENIED** as moot; the hearing set for **March 7, 2016,** is **VACATED.**

Dated this 4th day of March, 2016.

_____
Jennifer A. Dorsey
United States District Judge